UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 10-00281 DMG (RNB)** | Date | February 8, 2011 |
|---|---|---|---|
| Title | *William Anno v. Larry Small* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS THE PETITION AS UNEXHAUSTED**

On February 25, 2010, Petitioner William Anno filed a petition for writ of *habeas corpus* under 28 U.S.C § 2254. Concurrently therewith, Petitioner filed a motion for stay and abeyance, seeking to stay the instant proceedings while he exhausted two claims in state court.

Hon. Robert N. Block, United States Magistrate Judge, denied Petitioner's motion on June 9, 2010, finding that Petitioner did not show the "good cause" required for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Because the petition is "mixed," *i.e.*, contains both exhausted and unexhausted claims, Magistrate Judge Block informed Petitioner that he would recommend dismissal of this action. Prior to recommending dismissal, however, Magistrate Judge Block afforded Petitioner 45 days to voluntarily dismiss his petition or withdraw his unexhausted claims. Magistrate Judge Block apprised Petitioner of the three-step stay and abeyance procedure outlined in *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1]

Petitioner did not respond to the Magistrate Judge's order. Magistrate Judge Block issued a report and recommendation on August 17, 2010, recommending that this Court dismiss the petition without prejudice. Petitioner filed objections on September 10, 2010, in which he argued, *inter alia*, that the Magistrate Judge erred by denying the motion for stay and abeyance rather than submitting the matter to this Court by report and recommendation. In response to Petitioner's objections, the Magistrate Judge vacated his order.

On September 20, 2010, the Magistrate Judge issued a second report and recommendation, in which he recommended that this Court deny Petitioner's motion for stay and dismiss the petition without prejudice due to Petitioner's failure to exhaust all of his claims.

---

[1] Unlike a *Rhines* stay, the three-step procedure does not require a showing of good cause. A petitioner must show only that his unexhausted claims can still be timely filed in federal court or, if not, that they will relate back to his exhausted claims that were timely filed. *See King*, 564 F.3d at 1141-42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 10-00281 DMG (RNB)** | Date | February 8, 2011 |
|---|---|---|---|
| Title | *William Anno v. Larry Small* | Page | 2 of 2 |

Petitioner filed objections to the second report and recommendation on October 18, 2010. Petitioner asks this Court to reject the report and recommendation, conduct a *de novo* review of the matter, and grant his motion for stay and abeyance.

In his motion, Petitioner states that "[i]t would be appropriate for the Court to condition its order on petitioner's timely prosecution of his state-court writ petitions, and the return to this Court within 60 days of the final disposition and exhaustion of his claim [sic] in the state courts." (Mot. at 12); *see also Rhines*, 544 U.S. at 278 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back").

Based upon a review of the state court docket, it appears that the San Bernardino County Superior Court denied Petitioner's *habeas* petition on March 3, 2010 and that Petitioner has not subsequently filed a *habeas* petition in either the California Court of Appeal or the California Supreme Court. *See* San Bernardino County Superior Court Case Information System, http://www.sbcounty.gov/courts/index.asp (case number WHCSS1000047); California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov. If so, then Petitioner has forfeited federal review of his unexhausted claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (holding that petitioner's failure to seek *habeas* relief in the state's highest court before the time to do so had expired resulted in procedural default of those claims); *see also Evans v. Chavis*, 546 U.S. 189, 201, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) (holding that petitioner's "unexplained, hence unjustified, delay of at least six months" before filing his second state *habeas* petition rendered the second petition untimely under California law).

Unless Petitioner can demonstrate that his unexhausted claims are not subject to dismissal in state court as untimely, his argument with respect to good cause for a stay and abeyance in this Court is moot. Therefore, Petitioner is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for failure to timely exhaust his remedies in state court. Petitioner shall file his response on or before **March 1, 2011**. Alternatively, Petitioner may discharge this Order by filing a notice of dismissal of his unexhausted claims.

**IT IS SO ORDERED.**